## HOWELL et al. v. COLSON.

### (Supreme Court, Appellate Term. May 7, 1909.)

1. LANDLORD AND TENANT (§ 195*)—POSSESSION—ABANDONMENT BY TENANT.

Where a tenant held over after his term and paid a month's rent, after which he removed without notice, the landlord properly took possession and relet the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 790–793 ; Dec. Dig. § 195.*]

2. LANDLORD AND TENANT (§ 195*)—ACTION FOR RENT—RIGHT OF ACTION.

The landlord made out a prima facie case, in an action to recover rent for the unexpired term and establish a lien on furniture as provided in the lease, by showing that the tenant held over after his term expired and paid a month's rent, when he removed without notice, after which the landlord took possession and relet.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 790–793 ; Dec. Dig. § 195.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Wilson S. Howell and another against Reynolds Colson. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Joseph Day Lee, for appellants.

I. Henry Harris, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. Plaintiff claimed that defendant held over after an expired term. The undisputed fact is that defendant did remain and pay one month's rent. He then without notice removed. The landlord in those circumstances properly took possession and relet. This action is to recover two months' rent and to establish a lien on furniture as provided in the lease for the unexpired term. The complaint was dismissed at the close of plaintiff's case, and a motion for a new trial denied. This was error. Plaintiffs established a prima facie case.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.